THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY CANEVARI,

 Plaintiff,

v.

ITOH DENKI U.S.A., INC.,

 Defendants.

3:15-CV-1449
(JUDGE MARIANI)

## ORDER

AND NOW, THIS _14th_ DAY OF SEPTEMBER, 2017, upon *de novo* review of Magistrate Judge Carlson's Report & Recommendation, (Doc. 44), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R"), (Doc. 44), is **ADOPTED** for the reasons discussed therein.

2. Defendant's Objections, (Doc. 45), are **OVERRULED**. Defendant raises two objections: (1) the R&R incorrectly concluded that there was evidence from which a reasonable jury could infer that Defendant knew Plaintiff was disabled; and (2) the R&R incorrectly concluded that a reasonable jury could find that a causal relationship existed between Plaintiff's disability and his termination. (Doc. 46). Neither objection has merit. The record contains evidence that Defendant, through Evanosky, knew that Plaintiff had a back problem that was similar to scoliosis and that could lead to paralysis, (Dep. of Keith Evanosky, Doc. 42-5 at 22-24), that his back was causing him substantial pain and that he was having trouble standing at

the trade show because of it, (Dep. of Jeffrey Canevari, Doc. 42-3 at 55-56), and that he might need intensive surgery—which would put him in a body cast for a year—to correct it, (Dep. of Keith Evanosky, Doc. 42-5 at 23-24). Thus, the R&R correctly concluded that a reasonable jury could find that Defendant knew of Plaintiff's disability.

With respect to Defendant's second objection, there is evidence in the record to support the following timeline of events: (1) between March 16 and March 20, Plaintiff was at a trade show with Evanosky, was having trouble standing, and was complaining of back pain, (Dep. of Jeffrey Canevari, Doc. 42-3 at 55-56); (2) around this time Plaintiff explained his back issue to Evanosky, stated that Plaintiff might need surgery in the future to correct the problem, and explained that the surgery would put him in a body cast for a year, (Dep. of Keith Evanosky, Doc. 42-5 at 22-24); (3) soon after the trade show, Plaintiff informed Evanosky he had to take time off of work to see a doctor about his back pain, (Dep. of Jeffrey Canevari, Doc. 42-3 at 64-66); (4) Plaintiff went to the doctors on April 7, (*Id.* at 68); and (5) Plaintiff was terminated on April 8, (Doc. 38 at ¶ 27). Further, the record contains evidence that Evanosky, after learning about the possibility of Plaintiff's back surgery, expressed that Defendant would not "keep [Plaintiff] around for that." (Dep. of Jeffrey Canevari, Doc. 42-3 at 61). From this timeline of events, combined with Evanosky's comment, a reasonable jury could disbelieve Defendant's proffered reason for Plaintiff's termination and infer that Defendant discharged Plaintiff because of his disability.

3. Defendant's Motion for Summary Judgment, (Doc. 37), is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. To the extent that Plaintiff's Complaint raises a standalone failure-to-accommodate claim, Defendant's Motion is **GRANTED**. The Clerk of the Court is directed to enter judgment **IN FAVOR** of Defendant and **AGAINST** Plaintiff on this claim.

   b. In all other respects, Defendant's Motion is **DENIED**.

4. A telephone scheduling conference will be held on **Wednesday, October 4, 2017**, at **11:15 a.m.** to schedule this case for trial. Counsel for Plaintiff is responsible for arranging the call to (570) 207-5750, and all parties should be ready to proceed before the undersigned is contacted.

Robert D. Mariani
United States District Judge